UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/24/07

------------------------------------X

In re                               :

ENRON CORP., et al.,                :

                Reorganized Debtors.  :

------------------------------------X

ENRON CORP.,                        :

                Plaintiff,          :

       -against-                 :

                       :

SPRINGFIELD ASSOCIATES, L.L.C.      :
and WESTPAC BANKING                 :
CORPORATION,                        :

                Defendants.         :

------------------------------------X

SPRINGFIELD ASSOCIATES, L.L.C.,     :

                Appellant,          :

       -against-                 :

ENRON CORP.,                        :

                Appellee.           :

------------------------------------X

**MEMORANDUM**
**OPINION AND ORDER**

**Chapter 11**
**No. 01-16034**
**Jointly Administered**

**Adversary Proceeding**
**No. 05-01025**

**06 Civ. 7828 (SAS)**

**07 Civ. 1957 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

Appellant Springfield Associates, L.L.C. ("Springfield") seeks

-1-

certification for interlocutory appeal of this Court's August 27, 2007 Opinion and

Order (the "August 27 Opinion") and Judgment dated August 28, 2007.

Familiarity with the August 27 Opinion is presumed.  Springfield seeks

certification of the following two questions:

> (i) whether equitable subordination under section 510(c) of the
> Bankruptcy Code and disallowance under section 502(d) of the
> Bankruptcy Code can be applied, as a matter of law, to claims
> held by a transferee to the same extent as they would be applied
> to such claims if they were still held by the transferor based solely
> on alleged acts or omissions on the part of the transferor, where
> no such acts or omissions on the part of the transferee have been
> alleged, and (ii) if so, whether potential equitable subordination
> and/or disallowance turn on the distinction between a claim
> transferred by sale and a claim transferred by assignment.[1]

For the reasons discussed below, the motion to certify for interlocutory appeal is

denied.

## I.    LEGAL STANDARD

Appeals of interlocutory district court orders are governed by 28

U.S.C. § 1292(b).  Under section 1292(b), the order being appealed must "(1)

involve a controlling question of law (2) over which there is substantial ground for

difference of opinion," and the movant must also show that "(3) an immediate

---

[1]     Notice of Motion by Springfield Associates, LLC to Modify Order
and Judgment for Certification of Interlocutory Appeal at 2.

appeal would materially advance the ultimate termination of the litigation."[2]  In addition, leave to appeal is warranted only when the movant demonstrates the existence of "exceptional circumstances"[3] sufficient to overcome the "general aversion to piecemeal litigation"[4] and to "justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."[5]  Interlocutory appeal "is limited to 'extraordinary cases where appellate review might avoid protracted and expensive litigation,' . . . and is not intended as a vehicle to provide early review of difficult rulings in hard cases."[6]  The decision whether to grant an interlocutory appeal from a district court order lies within the district court's discretion.[7]

---

[2]     28 U.S.C. § 1292(b).

[3]     *Williston v. Eggleston*, 410 F. Supp. 2d 274, 276 (S.D.N.Y. 2006).

[4]     *In re AroChem Corp.*, 176 F.3d 610, 619 (2d Cir. 1999). *Accord Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 95 (2d Cir. 1997).

[5]     *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (quotation omitted).

[6]     *In re Levine*, No. 94-44257, 2004 WL 764709, at *2 (S.D.N.Y. Apr. 9, 2004) (quoting *German v. Federal Home Loan Mortgage Corp.*, 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995)).

[7]     *See, e.g., Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995) ("district courts [have] first line discretion to allow interlocutory appeals"); *In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003); *DM Rothman Co., Inc. v. Cohen Mktg. Int'l, Inc.*, No. 98 Civ. 7905, 2006 WL 2128064, at *1 (S.D.N.Y. July 27, 2006).

-3-

"In regard to the first prong, the 'question of law' must refer to a 'pure' question of law that the reviewing court could decide quickly and cleanly, without having to study the record."[8] The question must also be "controlling" in the sense that reversal of the district court's order would terminate the action, or at a minimum that determination of the issue on appeal would materially affect the litigation's outcome.[9]

As to the second prong, the "substantial ground for a difference of opinion" must arise out of a genuine doubt as to whether the district court applied the correct legal standard in its order.[10] The requirement that such a substantial ground exist may be met when "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit."[11] However, it is not sufficient that the relevant case law is "less than

---

[8] *In re Worldcom, Inc.*, No. M47, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003).

[9] *See In re XO Commc'ns, Inc.*, No. 03 Civ. 1898, 2004 WL 360437, at *3 (S.D.N.Y. Feb. 26, 2004); *North Fork Bank v. Abelson*, 207 B.R. 382, 389-90 (E.D.N.Y. 1997).

[10] *In re Worldcom*, 2003 WL 21498904, at *10 (citation omitted).

[11] *In re Lloyd's Am. Trust Funds Litig.*, No. 96 Civ. 1262, 1997 WL 458739, at *5 (S.D.N.Y. Aug. 12, 1997) (citing *Klinghoffer v. S.N.C. Achille Lauro,* 921 F.2d 21, 25 (2d Cir. 1990)).

-4-

clear" or allegedly "not in accord,"[12] or that there is a "strong disagreement among the parties."[13] "A mere claim that a district court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion."[14] Rather, the district court must "analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is *substantial* ground for dispute."[15]

Finally, as to the third prong, "'[a]n immediate appeal is considered to advance the ultimate termination of the litigation if that appeal promises to advance the time for trial or shorten the time required for trial.'"[16] Courts place

---

[12]     *North Fork Bank*, 207 B.R. at 390.

[13]     *In re Iridium Operating LLC*, Nos. 99-45005, 01-02952, M47, 2003 WL 21507196, at *1 (S.D.N.Y. June 30, 2003) (stating that to demonstrate that there is a substantial ground for difference of opinion a party "must show that the issue is difficult and of first impression and involves more than just a strong disagreement among the parties" (quotation omitted)).

[14]     *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, No. 04 Civ. 10014, 2005 WL 3440701, at *2 (S.D.N.Y. Dec. 14, 2005) (citations omitted).

[15]     *In re Flor*, 79 F.3d at 284 (quotation omitted). *Accord Marlin v. United States Trustee*, 333 B.R. 14, 20 (W.D.N.Y. 2005).

[16]     *Transportation Workers Union of Am., Local 100, AFL-CIO v. New York City Transit Auth.*, 358 F. Supp. 2d 347, 350 (S.D.N.Y. 2005) (quoting *In re Oxford Health Plans, Inc.*, 182 F.R.D. 51, 53 (S.D.N.Y. 1998)).

-5-

particular emphasis on the importance of this last factor.[17]

## II. DISCUSSION

There are no exceptional circumstances present in this case sufficient
to overcome the general aversion to piecemeal litigation and to justify a departure
from the basic policy of postponing appellate review until after the entry of a final
judgment. Springfield relies heavily on the fact that this Court granted
interlocutory appeal of the Bankruptcy Court's Orders and argues that the same
reasoning should apply to certify the August 27 Opinion for appeal.[18] The Court's
reasoning in granting that interlocutory appeal, however, relied in large part on the
breadth of the Bankruptcy Court's rulings and the threat to the markets that those
rulings posed.[19] In the Court's August 27 Opinion, the Court significantly scaled

---

[17] *See Koehler v. Bank of Bermuda, Ltd.*, 101 F.3d 863, 865-66 (2d Cir.
1996) ("The use of § 1292(b) is reserved for those cases where an intermediate
appeal may avoid protracted litigation."); *Lerner v. Millenco, L.P.*, 23 F. Supp. 2d
345, 347 (S.D.N.Y. 1998) ("The Court of Appeals has emphasized the importance
of the third consideration in determining the propriety of an interlocutory
appeal.").

[18] Leave to file the interlocutory appeal from the Bankruptcy Court
orders was sought by various defendants and permitted intervenors, including
defendant Springfield and permitted intervenor Citibank. *See In re Enron Corp.*,
No. M-47, 2006 WL 2548592, at *1 (S.D.N.Y. Sept. 5, 2006).

[19] *See id.* (granting leave to appeal in part because of the appellants'
concerns regarding the "uncertainty that these rulings – if left undisturbed – would
inject into the market for the sale of postpetition claims").

-6-

back the Bankruptcy Court's rulings, and this Court's narrow holdings took care to ensure that the markets would not be disturbed.[20] Thus, this case no longer satisfies the criteria for interlocutory review.

It bears repeating that interlocutory appeal is "not intended as a vehicle to provide early review of difficult rulings in hard cases."[21] Although there were undoubtedly several issues of first impression raised by this appeal, this is not true of one of the two issues of which Springfield seeks certification. Specifically, there is no substantial ground for a difference of opinion that transfers by sale and transfers by assignment are distinct. Nor can there be any dispute as to the general principle of assignment law — that an assignee stands in the shoes of the assignor and subject to all equities against the assignor — applies to assignments of bankruptcy claims.

---

[20]     Industry Amici's brief in support of Springfield's motion for certification asserts that without immediate appeal to the Second Circuit and perhaps the Supreme Court, uncertainty in the markets will persist. That concern is not significant given this Court's pointed statements in the August 27 Opinion that "the concerns raised by Industry Amici with respect to the effects of the Bankruptcy Court's rulings on the markets for distressed debt are no longer present. *Equitable subordination and disallowance arising out of the conduct of the transferee will not be applied to good faith open market purchasers of claims*." *In re Enron Corp.* No. 06 Civ. 7828, 2007 WL 2446498, at *13 n.76 (S.D.N.Y. Aug. 27, 2007) (emphasis added) (citation omitted)). *See also id.* at *13 n.104 ("sales of claims on the open markets are indisputably sales").

[21]     *In re Levine*, 2004 WL 764709, at *2.

Moreover, the issues decided by this Court and remanded to the Bankruptcy Court are not "pure" questions of law that the reviewing court could decide quickly and cleanly without having to study the record.[22]  Rather, this Court remanded the case to the Bankruptcy Court to determine, *inter alia*, whether Springfield obtained the claims by way of an assignment or a sale.  That determination may well require a factual inquiry at trial.

Finally, an interlocutory appeal to the Second Circuit would not advance the ultimate termination of the litigation.  To the contrary, it may significantly delay the proceedings in Bankruptcy Court.[23]  The Mega Claim Action is scheduled to go to trial in April of 2008.  An interlocutory appeal could delay that trial for over a year, at the expense of all of the parties involved in this already protracted bankruptcy case.  Indeed, the fact that the proceedings below may moot Springfield's appeal altogether (*e.g.*, if Springfield is found to be a bona fide purchaser for value of Citibank's claims, that would require dismissal of the claims for equitable subordination and disallowance predicated on the conduct of Citibank) also weighs against certification.

---

[22]     *In re Worldcom, Inc.*, 2003 WL 21498904, at *10.

[23]     Indeed, it is interesting that neither Citibank nor Enron have joined with Springfield in this request for certification.

-8-

## III.   CONCLUSION

For the reasons set forth above, Springfield's motion for leave to seek an interlocutory appeal of the August 27 Opinion is denied.  The Clerk of the Court is directed to close this motion [No. 66 on the Docket Sheet].

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            September 24, 2007